IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDERSON DIXON, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| STATE BOARD OF PARDONS | : | |
| AND PAROLES, GEORGIA, | : | CIVIL ACTION NO. |
|    Defendant. | : | 1:15-CV-299-WSD-AJB |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Anderson Dixon, confined in the DeKalb County Jail in Decatur, Georgia, submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] The Court granted Plaintiff's request to proceed *in forma pauperis*, [Doc. 3], and the matter is now before the Court for screening under 28 U.S.C. § 1915A.

**I.      28 U.S.C. § 1915A Standard**

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  This leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

2

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). Section 1983 specifies that the defendant must be a "person." 42 U.S.C. § 1983.

## II.  Discussion

Plaintiff brings this action against the Georgia Board of Pardons and Paroles ("Board"). [Doc. 1 at 1, 3.] Plaintiff states that he has been confined in the DeKalb County Jail since July 24, 2012. [*Id.* at 4.] On October 2, 2012, Plaintiff's parole hearing was held in Jackson, Georgia. [*Id.* at 3.] Plaintiff then returned to the DeKalb County Jail because certain charges were pending against him. [*Id.*] Plaintiff states that those charges have been dismissed, but "the Board refuses to acknowledge [his] status" or notify him of the outcome of his parole hearing. [*Id.* at 3-4.] Plaintiff also states that he is not receiving "proper medical treatment in jail." [*Id.* at 3.] Plaintiff seeks monetary relief. [*Id.* at 4.]

The Board is not a "person" and therefore cannot be sued under § 1983. *Worley*

AO 72A
(Rev.8/8
2)

*v. Georgia Bd. of Pardons and Paroles*, 932 F. Supp. 1466, 1471 n.6 (N.D. Ga. 1996) (Carnes, J.) (holding that Georgia Board of Pardons and Paroles not a "person" subject to suit under § 1983).

Even if Plaintiff had named individual Board members as defendants, Plaintiff's claim would nonetheless fail. "To establish a procedural due process claim under § 1983, a plaintiff must show: (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process." *Bryant v. Ruvin*, 477 Fed. Appx. 605, 607 (11th Cir. May 18, 2012) (per curiam) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). "[A] Georgia inmate has no liberty interest in parole," and "there is no federal constitutional right to parole." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (per curiam). Therefore, Plaintiff's procedural due process claim is frivolous.

Plaintiff's dissatisfaction with his medical care is unrelated to his claim against the Board. If Plaintiff wishes to pursue a medical claim, he should file a separate case against an appropriate defendant.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous.

4

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this __24th__ day of February, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE