IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDERSON DIXON,

                    Plaintiff,

         v.                                        1:15-cv-299-WSD

STATE BOARD OF PARDONS
AND PAROLES, GEORGIA,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's

Final Report and Recommendation [4] ("R&R").  The R&R considers Plaintiff

Anderson Dixon's ("Plaintiff") Complaint [1] ("Complaint").  The Magistrate

Judge recommended that Plaintiff's Complaint be dismissed as frivolous pursuant

to 28 U.S.C. § 1915A.

## I.     BACKGROUND

On January 29, 2015, Plaintiff, an inmate at DeKalb County Jail in Decatur,

Georgia, filed his Complaint, asserting claims pursuant to 42 U.S.C. § 1983 against

the State Board of Pardons and Paroles, Georgia ("Defendant").  Plaintiff alleges

that, on October 2, 2012, Plaintiff's parole hearing was held in Jackson, Georgia.

(Complaint at 3).  Plaintiff alleges that he was returned to  DeKalb County Jail

because certain charges were pending against him.  (Id.).  Plaintiff alleges that those charges had been dismissed, but "the Board refuses to acknowledge [his] status" or notify him of the outcome of his parole hearing.  (Id. at 3-4).  Plaintiff alleges also that he is not receiving "proper medical treatment in jail."  (Id. at 3).  On February 12, 2015, the Magistrate Judge granted [3] Plaintiff's Application to Proceed in forma pauperis [2].

On February 24, 2015, the Magistrate Judge screened Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(a), and concluded that Plaintiff's Complaint was frivolous and recommended that it be dismissed.  (R&R at 3-4).  Plaintiff did not file any objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and

recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.      Analysis

Plaintiff did not object to the Magistrate Judge's R&R.  The Court thus reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.

Pursuant to 42 U.S.C. § 1983, a plaintiff may pursue relief for possible violations of her constitutional rights only against the specific individuals who committed acts that allegedly violated those rights.  See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Plaintiff did not identify any specific person or persons as a defendant or defendants, and Plaintiff is not entitled to assert a 42 U.S.C. § 1983 claim against the Board.  See Worley v. Georgia Bd. of Pardons & Paroles, 932 F. Supp. 1466,

1471 n.6 (N.D. Ga. 1996) ("Georgia Board of Pardons and Paroles is not a "person" subject to suit under 42 U.S.C. § 1983 . . . .").  The Magistrate Judge noted also that Plaintiff, even if he had named the individual Board members as defendants, could not establish that he was deprived of a liberty interest that would give rise to a valid claim under 42 U.S.C. § 1983, because "a Georgia inmate has no liberty interest in parole."  (R&R at 4) (quoting Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001)).  The Magistrate noted further that Plaintiff's allegation that he is not receiving "proper medical treatment in jail" is unrelated to his claim against the Board, and would need to be brought as a separate case against the appropriate defendants.  (R&R at 4).  The Court finds no plain error in the Magistrate Judge's findings and recommendation.  See Slay, 714 F.2d at 1095.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Anderson Dixon's Complaint [1] is **DISMISSED**.

**SO ORDERED** this 20th day of May, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE